IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO RONNIE TOWNSEND,

    Petitioner,                       No. 2:12-cv-2350 GGH P[1]

    vs.

ATASCADERO STATE HOSPITAL,

    Respondent.                  ORDER TO SHOW CAUSE

_____/

        This action was reassigned to the undersigned pursuant to E.D. Local Rule 190(d), based on this court's consideration of a previous habeas petition for relief in the same matter.[2] (No. 2:11-cv-2058 GGH P.)

        The instant petition appears to challenge the identical conviction raised by the previous habeas petition. This petition appears to be successive to <u>Townsend v. Atascadero State Hospital</u>, case no. 2:11-cv-2058 GGH P, wherein petitioner, as in the instant petition, challenged his 2008 conviction for possession of an explosive device and arson, for which he was sentenced to a three year term. The instant petition does not provide the date of conviction, and states that

---

[1] Petitioner has consented to the jurisdiction of the magistrate judge in this matter. (See Doc. no. 6.)

[2] A court may take judicial notice of court records. See <u>MGIC Indem. Co. v. Weisman</u>, 803 F.2d 500, 505 (9th Cir. 1986); <u>United States v. Wilson</u>, 631 F.2d 118, 119 (9th Cir. 1980).

1

the length of the term was eight and a half years; however, the nature of the offenses are the same. Both petitions concern possession of molotov cocktails. The application for a writ of habeas corpus was denied on the merits in the prior case and the court declined to issue a certificate of appealability by order filed March 8, 2012.

> "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>>
>> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Here, it does not appear that petitioner has obtained an order from the Ninth Circuit authorizing the district court to consider this successive petition, assuming this involves the same 2008 Sacramento County conviction as the previous petition. Thus, the petition will be dismissed as successive unless petitioner can show cause why it does not concern the same conviction as the prior habeas petition in case number 2:11-cv-2058 GGH P.[3]

---

[3] Petitioner's supplement to his habeas petition is not more, and probably less than, a 42 U.S.C. § 1983 assertion.

Accordingly, IT IS HEREBY ORDERED that: Petitioner shall show cause within fourteen days why this case should not be dismissed as successive without prejudice to its refiling with a copy of an order from the Ninth Circuit authorizing petitioner to file a successive petition.

DATED: April 1, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Town2350.succ.wpd