UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBIO RONNIE TOWNSEND, | No. 2:12-cv-2350 GGH P |
| Petitioner, | |
| v. | ORDER AND ORDER TO SHOW CAUSE |
| AUDREY KING,[1] | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 11, 2013, respondent filed a motion to dismiss. Petitioner has not filed an opposition to the motion. Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." As a result, petitioner will be ordered to show cause for his failure.

Petitioner filed a letter on July 15, 2013, setting forth his grievances against Atascadero State Hospital, primarily concerning alleged forced medication and torture by medical staff. He seeks a jury trial and damages.

---

[1] Audrey King, current executive director of Coalinga State Hospital, where petitioner was recently transferred, is substituted as respondent. See Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir.1994).

1

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S. Ct. 1303, 1304 (2004) (per curiam).

Petitioner is informed that complaints about the conditions of his confinement or medical treatment must be raised through a civil rights complaint under 42 U.S.C. § 1983, filed as a new and separate action. If petitioner, as plaintiff, chooses to file a civil rights complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of his constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362, 96 S. Ct. 598 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Petitioner will be provided the forms for filing such a complaint.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Petitioner show cause, within twenty-one days, why respondent's July 11, 2013 motion to dismiss should not be granted.

2. The Clerk of the Court shall serve petitioner with the forms necessary to file a civil rights action.

Dated: October 1, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Town2350.osc46.hab

2