UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBIO RONNIE TOWNSEND,

    Petitioner,

    v.

AUDREY KING,

    Respondent.[1]

No. 2:12-cv-2350 GGH P

ORDER[2]

    Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 11, 2013, respondent filed a motion to dismiss. When petitioner did not file an opposition to the motion, he was ordered to show cause for his failure by order of October 1, 2013. Petitioner filed responses on October 15, 2013; however, they do not address the issues raised in the motion to dismiss.

    Local Rule 230(l) provides in part: "Failure of the responding party to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion . . . ." In addition, the court has reviewed the motion to dismiss on the basis that the petition is successive, that any challenge to the BPT's finding that petitioner was a mentally disordered offender (MDO) and order of commitment is barred by Rule 2(e) of the

---

[1] Petitioner's custodian is substituted in place of petitioner's place of incarceration/treatment.

[2] The case is before the undersigned on consent of the parties pursuant to 28 U.S.C. 636(c).

1

Rules Governing Section 2254 Cases, that the remainder of petitioner's arguments pertain to conditions of confinement and must be raised in a civil rights complaint, and finds that the motion has merit.

Petitioner's October 15, 2013 filings in response to the order to show cause set forth his grievances against Atascadero State Hospital, and primarily concern alleged forced medication and improper treatment by medical staff. He continues to seek damages. (ECF No. 26.)

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. 1979, as amended, 42 U.S.C. 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a 1983 action.

Muhammad v. Close, 540 U.S.749, 750, 124 S. Ct. 1303, 1304 (2004) (per curiam).

Petitioner was previously informed that complaints about the conditions of his confinement or medical treatment must be raised through a civil rights complaint under 42 U.S.C. § 1983, filed as a new and separate action. See Order, filed October 1, 2013. (ECF No. 25.) Petitioner continues, however, to insist on raising such claims in the instant action. Therefore, they will be dismissed.

As this court suspected in its initial screening order, the instant petition challenges the identical conviction raised by the previous habeas petition, and respondent has confirmed that this is the case.[3] (Res't's Mot. and Lod. Docs.) This petition is successive to Townsend v. Atascadero State Hospital, case no. 2:11-cv-2058 GGH P, wherein petitioner, as in the instant petition, challenged his 2008 conviction for possession of an explosive device, for which he was sentenced to a term of two years and eight months. (Res't's Mot. at 2 n. 2.) The application for a writ of habeas corpus was denied on the merits in the prior case and the court declined to issue a

---

[3] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

certificate of appealability by order filed March 8, 2012.

"A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed. . . ." 28 U.S.C. § 2244(b)(2). This is the case unless,

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Before petitioner can proceed with the instant application, he must move in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed without prejudice to its refiling upon obtaining authorization from the United States Court of Appeals for the Ninth Circuit.

To the extent that petitioner challenges his continued commitment as a MDO offender, Rule 2(e) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "a petitioner who seeks relief from judgments of more than one state court must file a separate petition covering the judgment or judgments of each court." Accordingly, petitioner may not pursue his challenge to a conviction other than his 2008 judgment for possession of a destructive device which is the subject of the instant petition, in the instant action. Petitioner is advised that he will need to pursue a new and separate action if he seeks to challenge his

commitment to the California Department of Mental Health as a MDO.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's motion to dismiss, filed July 11, 2013, (ECF No. 20), is granted; and

2. This action is dismissed without prejudice.

Dated: November 12, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Town2350.fr.